UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE CLIFTON MARSHALL, ) | 1:05-CV-1273 REC LJO HC |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| BERNIE ELLIS, Warden, ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 7, 2005, Petitioner filed the instant petition for writ of habeas corpus. Petitioner is challenging his 1993 convictions in the United States District Court for the Central District of California of three counts of narcotics violations, one count of structuring financial transactions to avoid reporting requirements, and two counts of money laundering. Petitioner is in the custody of the Taft Correctional Institution (TCI) located in Taft, California.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner argues that he is challenging the conditions of his confinement in that the Bureau of Prisons has imprisoned him without a mandate or judgment from a court. Petitioner's argument is not persuasive. Regardless of the way Petitioner phrases his claims, in essence he is challenging the underlying conviction. Petitioner acknowledges that he was convicted and sentenced in the U.S. District Court for the Central District of California on August 4, 1993. See Petitioner's Appendix to Writ (hereinafter "Appendix"). According to the abstract of judgment, Petitioner was sentenced as follows: 1) sixty (60) months on his conviction for one count of structuring financial transactions; 2) two hundred and forty (240) months for each of his two counts of money laundering; and 3) three hundred and sixty (360) months for each of his three narcotics convictions. Id. All sentences were ordered to run concurrently for a total determinate term of three hundred sixty (360)

months. Id. Petitioner contends the convictions were reversed by the Ninth Circuit Court of Appeals following his direct appeal. Petitioner's argument is partially correct. The Ninth Circuit Court of Appeals did reverse Petitioner's conviction and sentence for his single count of illegally structuring monetary transactions; however, the Ninth Circuit affirmed his conviction and sentence on all other counts. See United States v. Marshall, 56 F.3d 1210, 1212 (9th Cir.1995). On September 11, 1995, a hearing was held in the sentencing court and the Ninth Circuit's mandate was spread. See Appendix. The sentencing judge granted the government's motion to dismiss the conviction on the single count which was reversed by the Ninth Circuit. Id. Petitioner, however, remained incarcerated on the other counts. Because only the sixty month sentence on count one was reversed and the concurrent terms totaling three hundred and sixty months were affirmed, Petitioner properly remains incarcerated accordingly. Thus, not only is the Court without jurisdiction to entertain the petition as it challenges the underlying conviction and sentence, but Petitioner's claims are also plainly without merit.

Because Petitioner is alleging errors in his conviction and sentence, and not errors in the administration of his sentence, the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be dismissed. In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced.* In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall
3  be served and filed within ten (10) court days (plus three days if served by mail) after service of the
4  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
5  (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
6  the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
7  IT IS SO ORDERED.

8  **Dated:    October 20, 2005**            /s/ Lawrence J. O'Neill
   b9ed48                                    UNITED STATES MAGISTRATE JUDGE